(16 Misc. Rep. 294.)

### JACKSON v. BRUNOR et al.

#### (City Court of New York, General Term. March 16, 1896.)

INFANCY—DEFAULT AGAINST MINOR—RIGHT TO HAVE SET·ASIDE.
 Code Civ. Proc. § 1218, providing that a judgment by default shall not be taken against an infant until 20 days' have expired since the appointment of a guardian ad litem, applies only to actions where the infancy is admitted, and in which judgment may be rendered against an infant defendant; and a defendant sued as an adult, and against whom a judgment has been rendered by default, is not entitled to have such judgment set aside as a matter of right, and without terms, on an ex parte showing of his minority.

Appeal from trial term.

Action by John B. Jackson against Emile Brunor and another. From that part of an order vacating a judgment which imposed terms upon defendant Emile Brunor, he appeals. Affirmed.

Argued before FITZSIMONS, CONLAN, and O'DWYER, JJ.

Eugene Cohn, for appellant.
Lyman Rindskopf, for respondent.

O'DWYER, J. Appeal from part of an order upon a motion to vacate a judgment. This action was commenced by the personal service of the summons and complaint herein upon both of the defendants herein, who are father and son, in the month of September, 1894. Thereafter the father called upon the plaintiff's attorney, and admitted the claim, and agreed to pay the same in monthly installments of $15 each, and did, on the 18th day of September and the 12th day of October, 1894, pay, on account thereof, the sum of $30, and received receipts therefor in behalf of the defendants. No other payments being made, judgment was entered by default on the 5th day of July, 1895, in favor of the plaintiff, and against the defendants, for the balance due. On the 17th day of July, 1895, on application made therefor, an order to show cause why said judgment should not be vacated and set aside, and why the defendant Emile Brunor should not have such other and further relief as may be just, was obtained, and the motion argued and granted upon terms. But, before the entry of the order on that

decision, an order to show cause was granted, requiring the plaintiff to show cause why a reargument should not be had; and, on the return thereof, the motion for a reargument was denied, and an order entered denying the motion for a reargument, and opening the default, vacating the judgment, and granting defendants leave to plead, upon terms; and this appeal is taken by the defendant Emile Brunor from so much of the order as denies the motion for a reargument, and imposes terms as a condition for the opening of the default. On the motion, the appellant, in his affidavit, stated that he was born April 26, 1876, and, at the time the debt sued on was contracted, he was, and still is, an infant, under the age of 21 years. It nowhere appears that the plaintiff or his attorney was notified of the alleged infancy of the defendant, except by the affidavit of the defendant Martin Brunor, who claims to have notified the plaintiff's attorney of that fact; but that statement is denied, and the infancy of the defendant is not admitted by the plaintiff.

It is insisted by counsel for the appellant that by reason of the statements contained in the moving affidavits as to the infancy of the appellant, and not denied in the opposing papers, the motion should have been granted, as matter of right, inasmuch as section 1218 of the Code of Civil Procedure provides that a judgment by default shall not be taken against an infant defendant until 20 days have expired since the appointment of a guardian ad litem for him, and this section is made applicable to this court by section 3347, subdivisions 4 and 8. I do not agree with the appellant in his contention. The section of the Code cited applies to a case where the infancy is admitted, and a judgment may be entered against an infant defendant. In the case at bar the plaintiff cannot be bound by the statements contained in the moving papers. All that can be claimed for them is that, if pleaded as a defense, they will raise an issue to be determined on the trial. Infancy is a personal privilege, and can be waived; and, if not pleaded, a judgment against an infant would be binding on him. The defendants were in default for want of an answer, and the judgment was properly taken; and, being neither defective nor irregular, it was within the discretion of the court to impose terms as a condition of opening the default.

Order affirmed, with costs. All concur.